# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF | CENTRAL DISTRICT OF CALIFORNIA

### Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: | 2:18-cv-10108-MEMF (SP)

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 12/04/2018

Date of judgment or order you are appealing: | 09/25/2024

Docket entry number of judgment or order you are appealing: | 161

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*
☉ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Officer Acosta
Officer Roberts

Is this a cross-appeal?   ○ Yes   ☉ No
If yes, what is the first appeal case number?

Was there a previous appeal in this case?   ○ Yes   ☉ No
If yes, what is the prior appeal case number?

Your mailing address (if pro se):

City:   State:   Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** | /s/ Daniel P. Barer   **Date** | Oct 14, 2024

*Complete and file with the attached representation statement in the U.S. District Court*
Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 1                                                               Rev. 06/09/2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

> Officer Acosta
> Officer Roberts

Name(s) of counsel (if any):

> Daniel P. Barer
> Karen M. Stepanyan
> Pollak, Vida & Barer

Address: 11500 W. Olympic Blvd., Suite 400, Los Angeles, CA 90064

Telephone number(s): 310-551-3400

Email(s): daniel@pollakvida.com; karen@pollakvida.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ⦿ Yes   ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

> Alex Medrano

Name(s) of counsel (if any):

> Pro Se

Address: 14975 Seville Avenue, Fontana, CA 92335

Telephone number(s):

Email(s):

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                                    1                                    *New 12/01/2018*

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MEDRANO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACOSTA et al.,<br><br>　　　　　　　Defendants. | Case No.: 2:18-cv-10108-MEMF-SP<br><br>**ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE IN PART [ECF NO. 159]** |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge. ECF No. 159. The Court has considered the report and recommendation and the record, and hereby DECLINES to adopt the report and recommendation (ECF No. 159) IN PART for the reasons stated herein.

**I.　Background**

　**A.　Factual Background**

The present case stems from the June 8, 2018 arrest of Plaintiff Alex Medrano ("Medrano") by Defendants and Bell Gardens Police Officers Acosta and Roberts.

　**B.　Procedural History**

On December 4, 2018, Medrano filed a complaint *pro se*. ECF No. 1 ("Complaint" or "Compl."). The Complaint brought, among other causes of action, claims pursuant to 42 U.S.C. §§

1983, 1985, and 1986, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against several defendants, including Officers Acosta and Roberts ("Officer Defendants") of the Bell Gardens Police Department ("BGPD"). Compl.

On May 14, 2019, the Officer Defendants filed a Motion to Dismiss. ECF No. 23. On August 19, 2019, federal defendants Jennifer Chou, Marshal K. Domingo, and Claire Kelly filed a Motion to Dismiss. ECF No. 57. On September 8, 2020, Judge Josephine L. Staton adopted the Report & Recommendation filed by Magistrate Judge Pym and dismissed the *Bivens* claims against the federal defendants with prejudice and dismissed the remaining claims with leave to amend. ECF No. 91.

On October 13, 2020, Medrano filed a First Amended Complaint bringing only claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against all the named defendants. ECF No. 95 ("FAC"). Defendants moved to dismiss the FAC (ECF Nos. 96, 97), and on January 26, 2022, Judge Mark C. Scarsi granted Medrano leave to amend the FAC and limited the amendments to Medrano's claim of excessive force against the Officer Defendants and claims for denial of telephone access and deliberate indifference to medical needs against another officer. ECF No. 130. The court dismissed all other defendants and claims with prejudice. *Id.*

On July 8, 2022, Medrano filed a Second Amended Complaint against the Officer Defendants pursuant to 42 U.S.C. § 1983. ECF No. 137 ("SAC"). The Officer Defendants filed an Answer, ECF No. 138, and Medrano filed a Response, ECF No. 142.

On May 16, 2023, the Officer Defendants filed a Motion for Summary Judgment. ECF No. 152 ("MSJ"). The Officer Defendants argued that it is undisputed that their use of force was reasonable, and, in the alternative, they are shielded from liability by the doctrine of qualified immunity. MSJ at 2. In support of the MSJ, the Officer Defendants filed declarations from counsel Scott J. Carpenter ("Carpenter Decl."), Officer Acosta ("Acosta Decl."),[1] and Officer Roberts ("Roberts Decl."), as well as a Statement of Uncontroverted Facts and Conclusions of Law ("SUF") and other exhibits. ECF No. 152-1–152-14.

---

[1] The corrected Exhibit C, Acosta Decl., is found at ECF No. 154-1.

2

Although he did not file a separate Statement of Genuine Disputes of Material Fact, Medrano filed an Opposition to the MSJ with exhibits, identifying certain facts of genuine dispute. ECF No. 157 ("Opp'n"). The Officer Defendants filed a Reply to the Opposition, reiterating their arguments for an objectively reasonable use of force and qualified immunity. ECF No. 158 ("Reply").

On March 19, 2024, Magistrate Judge Sheri Pym issued the instant Report & Recommendation, urging the Court to grant the Officer Defendants' MSJ and dismiss the action with prejudice. ECF No. 159 ("R&R"). Judge Pym found that: (1) Officer Acosta is entitled to summary judgment on the excessive force claim since it is undisputed that he never pointed his gun at Medrano's head; (2) *arguendo*, Officer Roberts would not be entitled to summary judgment on the excessive force claim since it is disputed whether he pointed his gun at Medrano's head; and (3) both Officer Defendants are nonetheless entitled to qualified immunity. R&R at 9–14.

## II. Applicable Law

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" only if there is a sufficient evidentiary basis on which a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *Id.* at 248. In addition, all reasonable inferences that may be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of identifying summary-judgment-type evidence it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the non-moving party must tender evidence—evidence that could be presented in an admissible form at trial—of a genuine dispute as to a material fact. *See* Fed. R. Civ. P. 56(e); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). But if the non-moving party

1 fails to properly address the moving party's assertion of fact, the court may consider the fact
2 undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2).

3     **III.**   **Findings of Fact**

4         The Court adopts the statement of facts in the R&R except for the facts regarding Medrano's
5 testimony about Acosta drawing his firearm. Judge Pym found that "Plaintiff further testified that he
6 did not notice Officer Acosta until he was at the fence and cannot recall if Officer Acosta had his
7 firearm drawn. R&R at 7:23–26 (citing to Carpenter Decl., Ex. G ("Medrano Depo.") at 53:5–22,
8 64:18–65:21. This Court finds as follows: Plaintiff further testified that he did not notice Officer
9 Acosta until he was at the fence, cannot recall if Officer Acosta had his firearm drawn at him, but
10 also stated that "I know Officer Acosta for sure had his firearm on." Medrano Depo. at 53:5–22,
11 64:18–65:21.

12     **IV.**   **Discussion**

13       **A. Neither defendant is entitled to summary judgment on the excessive force claim.**

14         Claims of excessive force in the context of an arrest are analyzed under the Fourth
15 Amendment's "reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). This
16 inquiry is three-fold.

> First, the court assesses the severity of the intrusion on the individual's rights by evaluating the force applied. *Thompson*, 885 F.3d at 586; [*Tekle v. U.S.,* 511 F.3d 839, 844 (9th Cir. 2007)]. Second, the court 'evaluate[s] the government's interests by assessing (1) the severity of the crime; (2) whether the [individual] posed an immediate threat to the officers' or public's safety; and (3) whether the [individual] was resisting arrest or attempting to escape.' *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010); *see Fikes v. Cleghorn*, 47 F.3d 1011, 1014 (9th Cir. 1995) (the court must consider the totality of the particular circumstances of each case and are not limited to these factors). Finally, the court 'balance[s] the gravity of the intrusion on the individual against the government's need for that intrusion.' *Espinosa*, 598 F.3d at 537 (quotation marks and citation omitted).

R&R at 9.

    The Court adopts Judge Pym's reasoning and conclusion with respect to whether Officer Roberts is entitled to summary judgment without a consideration of qualified immunity.

    However, the Court declines to adopt Judge Pym's finding that Officer Acosta is entitled to summary judgment. Judge Pym found that there was no genuine dispute as to the fact that Officer Acosta did *not* point his gun at Medrano's head and therefore, under the Fourth Amendment

excessive force analysis, the undisputed facts warrant a finding that Officer Acosta's actions were objectively reasonable. R&R at 10. This Court finds, however, that Medrano has shown a genuine dispute of material fact exists concerning whether Officer Acosta pointed his gun at Medrano's head, and because this fact is material to the excessive force analysis, Officer Acosta is not entitled to summary judgment.

Given Medrano's *pro se* status, his Opposition should be "liberally construed" as including statements of genuine disputes as to material facts. *Cf. Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (construing a pro se plaintiff's complaint liberally). A liberal construction of the Opposition reveals the following statements in support of the dispute as to where Officer Acosta aimed his gun:

> On June 8, 2018, Officer Acosta and Officer Roberts while attempting to arrest plaintiff by way of the neighbor's driveway . . . approached Medrano with the use of *drawn firearms to the head* of Medrano . . . Although [Officers] Acosta and Roberts at RFA No. 2 deny drawing their firearms at the head of the plaintiff, that claim can be easily debunked. Considering that *these firearms were drawn at Medrano's face* and that because of the six-foot fence (see Exhibit # 3) that stood between Medrano and the officers, these firearms could only be made visible at such specific height. The six-foot fence served as a barrier and obstructed visibility from atop to six feet below . . . In other words, if the officers' firearms were not drawn to Medrano's [head], then logically, the officer's firearms would have remained not visible, and Medrano would not be able to make such a claim.

Opp'n at 6–7 (emphasis added).

While Medrano failed to submit a Statement of Genuine Dispute alongside a formal declaration attesting to the veracity of the evidence, (pursuant to Local Rule 56), he opposed several "uncontroverted facts" proffered by the Officer Defendants with citations to evidence in the record. *See generally* Opp'n; *cf. U.S. ex rel. Darian v. Accent Builders, Inc.,* No. CV 10255-EMC, 2007 WL 9728661, at *4 (C.D. Cal. June 21, 2007) ("Plaintiff has not made any citations to the record, and the Court has no way of understanding what Plaintiff claims to be genuine issues of material fact."). "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy *except* to the extent that such material facts are . . . controverted by declaration or *other written evidence filed in opposition to the motion*." Local Rule 56-4 (emphasis added). The Court construes Medrano's statements in the Opposition as evidence of a dispute as to whether Officer Acosta pointed his gun at Medrano's head, a material fact in the excessive force analysis. *See Daniel v. City of Glendale*, No. CV 14-3864-VAP, 2017 WL 3083733,

at *2 n.2 (C.D. Cal. June 27, 2017) ("[T]o the extent that plaintiff's opposition identifies facts as to which he contends a genuine dispute exists, the Court considers them.").[2]

## B. Neither defendant is entitled to qualified immunity.

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court announced the two-step test for determining whether a government defendant is entitled to qualified immunity: a plaintiff must show (1) that the official's actions violated a constitutional right and (2) that the right was "clearly established" at the time of the conduct at issue. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223 (2009)). If a plaintiff fails to prove either prong, then the government defendant is entitled to qualified immunity.

Here, Judge Pym found that the Officer Defendants are immune because the right to not have a gun pointed at oneself—whether at one's torso or head—is not clearly established under the circumstances. R&R at 13. However, in light of both the disputed and undisputed facts, a reasonable juror could make factual findings of circumstances under which the constitutional right to not have a gun pointed at oneself is clearly established. Put succinctly, a juror could find that both of the Officer Defendants pointed their guns at Medrano's head, and under the circumstances, such action was a clear violation of an established constitutional right.

---

[2] *But see Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment.") While it is clear that summary judgment type evidence excludes that which could not be produced in an admissible form at trial, district courts have nonetheless considered—or, but for a separate issue, *would have considered* in the alternative—non-authenticated statements in oppositions to motions where the non-movant is *pro se*. *See, e.g., Jefferson v. City of Fremont,* 73 F.Supp.3d 1133, 1138 (N.D. Cal. 2014) ("Because Mr. Jefferson is acting *pro se* in opposing the motion for summary judgment, the Court affords him maximum leniency permissible under the circumstances; it will consider the documents he has submitted (even though not formally authenticated)"); *Tommy Bahama Grp., Inc. v. Sexton,* No. C 07-06360 EDL, 2009 WL 4673863, at *3 n.2 (N.D. Cal. Dec. 3, 2009) (accounting for facts alleged in a *pro se* defendant's opposition insofar as he had personal knowledge of them); *Hill v. Board of School Comm'rs of Mobile Cnty. Ala.*, No. 12-00510-KD, 2014 WL 1604004, at *1 n.2 (S.D. Ala. Apr. 22, 2014) ("Giving the liberal construction due to *pro se* complaints, the Court construes the notes as additional allegations of facts in support of her complaint. Although these notes are not in affidavit form, the court will assume that Hill would testify consistent with these notes."; *cf. Christian v. Cnty. of L.A.*, No. 2:18-cv-05792-CJC, 2020 WL 4819700, at *1 (C.D. Cal. Jan. 8, 2020) ("even were the Court to consider the [unauthenticated] report, including the underlined portion to which Plaintiff directs the Court, it does not show that there is no genuine dispute as to any material fact").

The Court finds that the right at issue was clearly established. The Defendants rely in part on *Smith v. City of Stockton*, 818 F. App'x 697, 699 (9th Cir. 2020), a case in which immunity existed for an officer that pointed a gun at a suspect because he knew there was a bench warrant and the suspect tried to flee. But *Smith* is different from the case at bar and non-binding on this Court. There, the court considered a traffic stop "fraught with danger." *Id.* Here, it is undisputed that the incident occurred outside of Medrano's father's home, that the officers had established a perimeter, and they were separated from Plaintiff by a metal fence.

The Court does not find support for qualified immunity in *Burke v. County of Alameda*, a non-binding decision in which the drawing of a gun during an arrest of a suspect standing next to an unleashed and potentially aggressive pit bull was not the violation of an established right. *Burke v. Cnty. of Alameda*, 352 F. App'x 216, 219 (9th Cir. 2009). Here, it is disputed whether the pit bull was situated next to Medrano, and Medrano contends that the dog is "very friendly." Medrano Depo. 48:16–20. A reasonably jury could find that the pit bull posed no threat to the officers' safety, and if so, it was clearly established that there is a right not to have a gun drawn on oneself under circumstances where there was no threat to officer safety.

*Thompson v. Rahr*, 885 F.3d 582, 586–87 (9th Cir. 2018) is instructive and established—as of the date of Medrano's arrest—that pointing a gun at a compliant person presenting no danger is a constitutional violation. Given the factual disputes, a reasonably jury could find that Medrano was a compliant person presenting no danger. Accordingly, the Officer Defendants are not entitled to qualified immunity.[3]

/ / /

/ / /

/ / /

---

[3] The Ninth Circuit and other federal courts of appeals had held many times before that officers use unconstitutionally excessive force when they aim their weapons at people who are not suspected of violent crimes, who do not pose a threat, who have complied with the officers' instructions, who are not resisting and who are not attempting to flee. *See, e.g.*, *Thompson*, 885 F.3d at 586–87; *Espinosa*, 598 F.3d at 537–38; *Baird v. Renbarger*, 576 F.3d 340, 346 (7th Cir. 2009); *Hopkins v. Bonvicino*, 573 F.3d 752, 776–77 (9th Cir. 2009); *Tekle*, 511 F.3d at 846; *Robinson*, 278 F.3d at 1015; *Baker v. Monroe Township*, 50 F.3d 1186, 1193 (3d Cir. 1995).

V.  **Referral to Pro Bono Panel and Resources for Self-Represented Litigants**

The Central District of California maintains a panel of volunteer attorneys who are willing to handle civil rights cases on a pro bono basis (http://www.cacd.uscourts.gov/attorneys/pro-bono). The Court finds that this case is appropriate for referral to the Central District Pro Bono Civil Rights Panel given that the Defendants' Motion is being denied and this matter is therefore moving forward to trial. Accordingly, the Court will refer this matter to the Panel and advise Medrano as soon as possible if any attorney has volunteered to handle his case; there is no guarantee that any attorney will volunteer, and even if an attorney does volunteer, Medrano is not obligated to agree to have that attorney represent him.

In the meanwhile, although Plaintiff is proceeding *pro se*, *i.e.*, without legal representation, they nonetheless are required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, https://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants, i.e., parties who are not represented by a lawyer. There are various legal aid organizations that can provide information and guidance to *pro se* litigants about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an online application to request services as follows: online applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

- The Legal Aid Foundation of Los Angeles may also be of assistance. They have five offices, located in: Downtown Los Angeles, East Los Angeles, South Los Angeles, Long Beach, and Santa Monica. Their website is: https://lafla.org/.

- Various other resources that pro se litigants may find useful are bulleted below:

- E-Filing for Pro Se Litigants: https://www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers.

- Judge Frimpong's Standing Order—this document lays out various rules and procedures that apply to case with Judge Frimpong: https://www.cacd.uscourts.gov/sites/default/files/documents/MEMF/AD/Civil%20Standing%20Order.pdf.

- California Courts Self-Help Guide: https://selfhelp.courts.ca.gov/court-basics

- Civil Litigation Timeline: https://www.courts.ca.gov/documents/CIP_CivilCaseFlowChart.pdf.

- Glossary of Legal Terms: https://www.uscourts.gov/glossary.

### VI. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court DECLINES to adopt the Report and Recommendation IN PART;

   a. The Court ADOPTS Judge Pym's finding that Officer Roberts is not entitled to summary judgment without application of qualified immunity;

   b. The Court DECLINES TO ADOPT Judge Pym's findings that:

      i. Officer Acosta is entitled to summary judgment without application of qualified immunity;

      ii. The Officer Defendants are entitled to qualified immunity;

2. The Court DENIES the Motion for Summary Judgment and finds that neither Officer Defendant is entitled to summary judgment with or without the application of qualified immunity;

3. The Court will refer this matter for possible appointment to the Central District of California Pro Bono Civil Rights Panel; and

4. The parties are ordered to meet and confer and—within sixty (60) days—jointly contact the assigned Magistrate Judge to schedule a settlement conference.

IT IS SO ORDERED.

Dated: September 25, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

9

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11500 W Olympic Blvd., Suite 400, Los Angeles, CA 90064.

On October 14, 2024, I served the foregoing document described as: **NOTICE OF APPEAL & REPRESENTATION STATEMENT**

☐   By sending a true copy thereof electronically to the individual(s) and electronic service address(es) as set forth below with the Court of Appeal by using their electronic system and that all participants listed on the Service List are registered users and that service will be accomplished by the Court's electronic service system.

☒   By placing a true copy thereof enclosed in a sealed envelope with prepaid postage thereon fully prepaid for deposit with the United States Post Office mailbox, following Pollak, Vida & Barer's ordinary business practices for the collection and processing of correspondence for Priority Mailing, of which I am readily familiar, to the individual(s) and address(es) as set forth below

## **SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 14, 2024, at Irvine, California.

                                                */s/ James Rimonte*
                                                JAMES RIMONTE

## SERVICE LIST

**Alex Romero Medrano**         PRO SE
14975 Seville Avenue
Fontana, CA 92335